IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRITTANY BISHOP                                                                                      PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:18-cv-00046-SA-DAS

MICHAEL JOSEPH, *in his professional
and individual capacities*
LNR SERVICES, LLC,
a New Jersey Corporation                                                                           DEFENDANT

## ORDER TO SHOW CAUSE

Plaintiff Bishop filed this action on March 15, 2018, seeking tort relief under Mississippi law, and premising federal jurisdiction on the basis of diversity of citizenship. The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

Plaintiff alleges in its Complaint that Defendant LNR Services, LLC is a corporation organized under the laws of the State of New Jersey, with its principal place of business located in New Jersey, and that it may be served with process upon its registered agent Richard Rucki at 515 Springfield Road, Kenilworth, New Jersey 07033. Though the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's

citizenship, LNR Services, LLC is an unincorporated LLC. The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey*, 542 F.3d at 1079-80. Thus, LNR Services, LLC's citizenship is not clear from the pleadings, and the existence of federal jurisdiction is in question.

Though the issue of jurisdiction has not been contested by either party, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Id.* at 506-07, 126 S. Ct. 1235.

Therefore, the parties are hereby ordered to show cause as to as to why this matter should not be dismissed due to the absence of diversity under 28 U.S.C. § 1332. Plaintiff shall have fourteen (14) days from the entry of this order to submit: (1) a response sufficiently alleging the identity of all the members of LNR Services and the state of citizenship of each member as of the date of removal or filing; and (2) a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations of the Complaint to adequately allege diversity jurisdiction.

SO ORDERED, this 26th day of March, 2018.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**